IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**REGINALD VAUGHN,**

              **Petitioner,**

    v.                              CASE NO. 18-3004-SAC

**WARDEN DAN SCHNURR,**

              **Respondent.**


**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. Because petitioner failed to provide financial information as directed by the Clerk of the Court, the Court denies leave to proceed in forma pauperis.

The Court has conducted a preliminary review of the petition and enters the following order.

**Background**

Petitioner was convicted in the District Court of Sedgwick County, Kanas, on seven counts of kidnapping, aggravated robbery, attempted aggravated robbery, and aggravated burglary. On appeal, he challenged the sufficiency of the evidence supporting the kidnapping convictions, the admission of evidence at trial, and the jury instructions. *State v. Vaughn*, 364 P.3d 1221 (Table) 2016 WL 367917 (Kan.App. Jan. 29, 2016), *rev. denied*, Feb. 17, 2017.

**The petition**

The petition identifies the following claims for relief:

Ground 1: "Actual innocence in non-capital sentencing deprive[d] petitioner of the 6th Amendment right to the Constitution of the United States." (Doc. #1, p.5).

Ground 2: "Excessive Force violation of the Eight Amendment's prohibition against cruel and unusual punishments." (*Id.*, p. 6).

As relief, petitioner seeks declaratory judgment that his right to a speedy trial was violated and judgment reversing, remanding, or discharging him (*Id.*, p. 14).

## Discussion

Before a state prisoner may proceed under § 2254, the prisoner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This requirement provides the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)(citation omitted)). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 15334 (10th Cir. 1994). A federal court may raise exhaustion *sua sponte* where the "failure to exhaust [is] clear from the face of [the] petition." *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009).

As noted, petitioner presents two claims for relief, first, a claim of actual innocence, and second, a claim of excessive force.

### *Actual innocence*

Petitioner's first claim, actual innocence, is not a free-standing constitutional claim. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993)("a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.") and *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n. 4 (10th Cir. 2001)("[A]n assertion of actual innocence,

although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus.").

Next, while petitioner states as part of the claim of actual innocence that his counsel "coerced" him to withdraw his speedy trial motion (Doc. #1, p. 5), that claim was not presented in petitioner's direct appeal. Because the claim has not been presented to the state courts, including the appellate courts, it is not exhausted. The Antiterrorism and Effective Death Penalty Act (AEDPA) ordinarily "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017).

Generally, a federal court should dismiss unexhausted claims to allow the petitioner to present them to the state courts. *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018). However, where a state court would now find the claims were procedurally barred on an independent state procedural ground, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In Kansas, a state prisoner ordinarily has one year to commence a state post-conviction action under K.S.A. 60-1507.[1] As noted, the

---

[1] K.S.A. 60-1507(f) provides:
(1) Any action under this section must be brought within one year of:
(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.
(2) The time limitation herein may be extended by the court only to prevent a manifest injustice ….

Kansas Supreme Court denied review in petitioner's direct appeal on February 7, 2017, and petitioner now is procedurally barred from proceeding in state court under K.S.A. 60-1507 unless he makes the necessary showing of manifest injustice. Therefore, to proceed on a claim alleging a speedy trial violation in this habeas corpus action, petitioner must show cause and prejudice or a miscarriage of justice.

To show "cause", petitioner must show that an "objective factor external to the defense" prevented him from following the state procedural rule. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Next, to show "prejudice", petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

In the alternative, petitioner may excuse his default by showing that the failure to consider his claims will result in a fundamental miscarriage of justice. Under this exception, petitioner must present a colorable showing of factual innocence, a standard that requires a showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997)(citations omitted). The Court will direct petitioner to show cause why this claim should not be dismissed due to his procedural default.

*Excessive use of force*

Petitioner's second claim alleges the excessive use of force, a claim the Court liberally construes to arise from the injury he sustained during his arrest.[2] While a claim alleging the use of

---

[2] Police officers responding to the scene of the robbery "believed that [petitioner] and another intruder were raising pistols in their direction. The officers opened fire, seriously injuring [petitioner] and killing an accomplice." *State v. Vaughn*, 2016 WL 367917, *2.

excessive force during arrest is cognizable in a civil rights action filed under 42 U.S.C. § 1983, this claim does not state a constitutional challenge to the validity of petitioner's conviction and must be dismissed.

**Order to Show Cause**

For the reasons set forth, the Court directs petitioner to show cause on or before **October 11, 2018,** why this matter should not be dismissed due to his procedural default of the claim alleging a violation of his right to a speedy trial and why his claim alleging the excessive use of force should not be dismissed as failing to state a ground for habeas corpus relief. The failure to file a timely response will result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is denied leave to proceed in forma pauperis and is directed to submit the $5.00 filing fee to the Clerk of the Court.

IT IS FURTHER ORDERED petitioner is granted to and including **October 11, 2018,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 11th day of September, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge